## · L. C. W<small>ISE</small> v. M<small>RS</small>. M. E. S<small>AYLES</small>.

### Decided February 4, 1905.

#### Boundary—Construction of Calls—Connected Surveys.

Where in a block of connected rectangular surveys made at the same time an established corner of one of the surveys is found to be not in line with the calls for course upon which the block is constructed, the line of such survey should be established in such manner as most nearly comports with the intention of the original surveyor, does least violence to his calls and leaves no vacancies, although this may involve a slight disregard of the call leading to the corner found out of line with the other corners of the block.

Appeal from the District Court of Taylor. Tried below before Hon. J. H. Calhoun.

*Bowyer & Tillett* and *Theodore Mack,* for appellant.—1. When surveys are made in a block at the same time by the same surveyor and are dependent on one another then the position of the other surveys in the block can be looked to to determine the position and lines of any surveys in said block. Jones v. Burkett, 46 Texas, 284; Castlemans v. Poultin, 51 Texas, 84; Longoria v. Shaffer, 77 Texas, 547.

2. When it is apparent that in running a line of survey, a mistake has been made, and to follow such mistake will ignore the manifest intention·of the surveyor and make a conflict in his work done at the same time, the courts will look to all the circumstances of the survey, the field notes, maps, etc., to ascertain the intention of the surveyor, and so construct the survey as to conform thereto, and make his work harmonious. Boone v. Hunter, 62 Texas, 582; Jones v. Andrews, 62 Texas, 652; Mfg. Co. v. Wiliams, 59 S. W. Rep., 1075; Robinson v. Doss, 53 Texas, 496.

*Sayles & Sayles,* for appellee.—Where there are no conflicts or ambiguities in the field·notes of a survey, a line not run out by the surveyor at the time of the location, should be established from the well known and admitted corner of the survey itself, and from the field notes of the survey. Booker v. Hart, 77 Texas, 146, 152; Cox v. Kinks, 41 S. W. Rep., 95, 98; Hill v. Smith, 25 S. W. Rep., 1079, 1083; Rand v. Cartright, 82 Texas, 399, 403, 404; Ayers v. Harris, 77 Texas, 108, 116, 118; Gregg v. Hill, 82 Texas, 405, 409.

SPEER, A<small>SSOCIATE</small> J<small>USTICE</small>.—This is a boundary suit instituted by appellant to establish the line between two leagues of land, owned respectively by appellant and appellee. In 1852 the land, along with a number of other leagues, was first surveyed, and the original map made by the surveyor at the time represented his work to be in the form of a perfect square with a straight line midway extending north and south across it on either side of which line and perpendicular to it, lie eight rectangular parallelograms. The appellee is the owner of league number 340, being the most northern league in the east tier, and the appellant is the owner of number 339, immediately south of number

340. The base line extending north and south across the block was the only work actually done upon the ground, the other lines describing the various leagues being projected from it. The controversy arose by reason of the fact that a subsequent survey shows this line not to be straight. The original field notes describe the line as extending north 15 degrees west throughout its entire length, whereas the southwest corner of league number 340 and the northwest corner of league number 339 is east of such a line. The trial court rendered judgment establishing the boundary between the parties as a line extending from this corner at right angles to the base line deflected so as to pass through this corner.

Appellant complains that the line should have been established from such corner in such way that all the leagues in the block would lie parallel with each other, in which event the line would be at right angles to the base line if there was no deflection in such base line. We sustain this contention, and render judgment here establishing the boundary between appellant and appellee as a line extending from the well established southwest corner of league number 340, the northwest corner of league number 339, north 75 degrees east, the length of said surveys, said line being parallel with the north and south boundary lines of each and every league survey in the east tier of said block.

Briefly stated, our reasons for this holding are: The evidence shows that the surveyor began his work in the south line of said block of leagues at the southwest corner of number 333, which corner is now found and identified on the ground. This league is constructed as follows: From the beginning corner, north 15 degrees west 2,500 varas, corner; thence north 75 degrees east 10,000 varas, corner; thence south 15 degrees east 2,500 varas, corner; thence south 75 degrees west 10,000 varas to place of beginning. Next, league number 334, is constructed precisely in the same manner, calling to begin at the northwest corner of league number 333; and so with leagues numbers 335, 336 and 337. Up to this point no difficulty is experienced, since the northwest corner for 337 is found in its proper place. The next corner found on this line is the northwest corner of 339, the southwest corner of 340, which, as before stated, is east of its call. The contention of appellee, according to which the trial court rendered judgment, is, that a straight line should be projected from the northwest corner of 337 through the identified northwest corner of 339 to the north boundary line of 340, and that the boundary line sought to be established should be at right angles to this line. But we see no reason for this departure at the northwest corner of 337. The proper way to construct 338 is to begin at the northwest corner of 337, as called for in the field notes, thence running north 15 degrees west 2,500 varas, and failing to find the corner described, to establish the northwest corner of 338 according to the calls for course and distance; thence north 75 degrees east, etc., according to the calls of its field notes. Then to construct appellant's league, we should begin at the corner thus established as the northwest corner of 338; thence to the identified northwest corner of 339; thence north 75 east, etc., according to its field notes. Finally, to construct appellee's league number 340, we should begin at the identified northwest corner of 339; thence north 15 degrees west 2,500 varas for corner; thence

north 75 degrees east 10,000 varas, etc., according to its field notes. This plan is indicated in the following sketch:

Of course in what we have said with reference to the establishment of the northwest corner of 338, the southwest corner of 339, we have taken no account of any excess or shortage that may exist between the southwest corner of 338 and the northwest corner of 339, which, if there is such, under well established rules of law would influence the location of this corner, but this would not in the least interfere with the method of construction indicated. It is also wholly unnecessary for us to determine whether the boundary line between appellant and appellee should be 10,000 varas from the identified beginning point or 10,000 varas only from where the surveyor describes the corner as having been placed. We believe the process of erecting the surveys here shown more nearly comports with the intention of the original surveyor, and does less violence to his calls than would any other. By this means there are no conflicts or vacancies, and only a slight disregard for course in the west boundary line of appellant's league made necessary

by the finding of his northwest corner east of its true call. This is the only mistake shown to have been made by the surveyor, and it is the only change in his work we should make.

The judgment of the District Court is therefore reversed and judgment here rendered for appellant as aforesaid.

*Reversed and rendered.*