

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

February 21, 1947

Honorable D. D. Williams        Opinion No. V-40
County Attorney
Throckmorton County            Re: Authority of the
Throckmorton, Texas                 Commissioners' Court
                                    of Throckmorton County
                                    to sell personal prop-
                                    erty such as worn out
                                    road machinery with-
                                    out first having ad-
                                    vertised the same for
                                    sale on open bids; and
                                    authority of the Tax
                                    Collector to make sum-
                                    mary levy on personal
                                    property as provided
                                    in Article 7268.

Dear Mr. Williams:

        In your letter of Feb. 4, 1947, you present for
the opinion of this department two questions. These are
as follows:

        "1. Is the Commissioners' Court
        authorized to sell personal property
        such as worn out road repair machinery
        and like items without publicly adver-
        tising the same as being for sale and
        selling the same at public auction?
        (Each of the commissioners of this
        county have in their charge worn out
        and useless machinery and tools which
        they wish to dispose of immediately.
        They want to know the proper and legal
        procedure for doing so.)

        "2. Can the tax collector of the
        county levy on personal property which
        is about to be removed from the county
        before he has completed his tax rolls
        under Art. 7268, Texas R. C. S. 1925.
        (There are several drilling rigs in the

county which are due to be moved
in the near future.  The taxes are
not delinquent on them since they
are only subject to taxation for
the year 1947 in this county.  The
tax collector would like to know
whether he would be premature in
his action if he attempted to levy
on a rig now if the owners thereof
attempt to remove the same from this
county.  Please send me all opinions
which have been rendered construing
the above statute.)"

We shall answer these questions in the order
stated.

The jurisdiction of the Commissioners' Court
is defined in the latter part of Sec. 18 of Art. V of
the Constitution in the following words:

"The county commissioner so chosen,
with the county judge as presiding
officer, shall compose the county
commissioners court, and shall ex-
ercise such powers and jurisdiction
over all county business as is con-
ferred by this constitution and the
laws of the State, or may be here-
after prescribed."  (Emphasis ours)

It should be observed, however, that there is
an express limitation upon the jurisdiction thus con-
ferred, that is, it must be "county business."  The term
"county business" should be given a broad and liberal
construction, so as not to defeat the purpose of the law.
Glenn v. Dallas County Bois d'Arc Island Levy District,
(Civ. App.) 282 S. W. 339.  Moreover the Commissioners'
Courts have implied authority to do what may be necessary
in the exercise of the duties or powers expressly con-
ferred upon them.  City National Bank v. Presidio County,
(Civ. App.) 26 S. W. 775.

In the case of Stovall v. Shivers (Com. App.)
103 S. W. (2d) 363, Judge German, speaking for the Court,
said:

"The duty of the Commissioners
court is to transact the business,
protect the interests, and promote
the welfare of the county as a whole.
Among the powers conferred upon such
court by Article 2351 are the fol-
lowing:  The power to lay out and
establish, change and discontinue
roads and highways, the power to
build bridges and keep them in re-
pair, and the power to exercise gen-
eral control over all roads, high-
ways, ferries, and bridges in their
counties."

Thus in the exercise of the powers expressly
conferred by statute, or by reasonable inference there-
from the commissioners' Court undoubtedly has the power
to purchase such road machinery and equipment as are
reasonably necessary to carry out the powers conferred
upon it by Art. 2351, as suggested above.  It does not
necessarily follow, however, that it has the same power
to sell such property, and such powers as it does have
in this respect must arise by necessary implication in
transacting "county business."  Is the sale of worn out
and antiquated personal property of the County by the
Commissioners' Court "county business"?  If so, and we
think it is, then such power is legally vested in the
Commissioners' Court.

Such property when originally purchased becomes
the property of the County, and not of the respective Com-
missioner's precinct to which it might be allocated.  The
County is in a sense a public corporation, and must,
therefore, receive all its powers from the Constitution
and statutes which gave it existence.  To the Commissioners'
Court, under the Constitution and statutes is committed
"county business".  There is an essential difference be-
tween the rights of such public corporations respecting
the disposition of property and natural persons, the
latter having an inherent right in disposing of their
property, while public corporations can only acquire
and dispose of property by virtue of some positive law,
or necessary implication arising therefrom.

There will not be found any express statutory
provision conferring upon the Commissioners' Court au-
thority to sell personal property belonging to the County,
but we think that by necessary implication from the posi-

tive law, which, under the Constitution and statutes, is conferred upon the Commissioners' Court to transact the business of the County, to protect its interests, and promote the welfare of the County as a whole, that sound public policy justifies the action of the Commissioners' Court in selling worn out road machinery when deterioration has reached the point where it would no longer be the exercise of sound economic principles to continue its use.

We are, therefore, of the opinion that it is within the implied power of the Commissioners' Court to sell personal property, such as worn out road machinery and like items, when within the sound discretion of the Court it no longer serves a sound economic use to the County.

Since the statute does not specifically authorize a sale of such property, but rests upon the implied powers within which the Court is authorized to act, it necessarily follows that no method is provided as to the manner of disposing of such property. We think this rests within the reasonable discretion of the Commissioners' Court acting as a whole, to pursue the method that will produce the highest price, whether by private or public sale. We think either method would be legal if pursued in good faith and with a view of protecting the interests of the County and promoting its general welfare.

Your second question has heretofore been answered by this department by opinion No. 0-3480, a copy of which is herewith enclosed for your information.

## SUMMARY

The Commissioners' Court has implied authority to sell, either at private or public sale, worn out and antiquated road machinery, when in the sound discretion of the Court such property no longer serves a useful purpose, consistent

with the economic interests of the
County.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By          L. P. Leller
                Assistant

APPROVED

Price Daniel
ATTORNEY GENERAL

LPL:jrb